```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND DAVIS, ESQUIRE          : NO.
23 Maple Street                 :
Montrose, PA 18801              :
                                : CIVIL ACTION - LAW
              Plaintiff         : JURY TRIAL DEMANDED
                                :
    vs.                         :
                                :
THE COUNTY OF SUSQUEHANNA,      :
PENNSYLVANIA                    :
11 Maple Street                 :
Montrose, PA 18801              :
                                :
         AND                    :
                                :
MARYANN WARREN                  :
11 Maple Street                 :
Montrose, PA 18801              :
                                :
         AND                    :
                                :
LEON ALLEN                      :
11 Maple Street                 :
Montrose, PA 18801              :
                                :
         AND                    :
                                :
MICHAEL GIANGRIECO, ESQUIRE     :
11 Maple Street                 :
Montrose, PA 18801              :
                                :
         AND                    :
                                :
MICHAEL GATHANY, ESQUIRE        :
38 Main Street                  :
Hallstead, PA 18822             :
                                :
              Defendants        :
```

**COMPLAINT**

**AND NOW,** comes the Plaintiff, Raymond Davis, Esquire, by and through his counsel, Roth & Dempsey, P.C., and complains against the Defendants as follows:

## JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. §1983 and includes pendent state claims.

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343.  Venue is proper in this judicial district under 28 U.S.C. §1391(b) in that the Defendants reside in the Commonwealth of Pennsylvania and this judicial district and because the events and/or omissions giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

3. Plaintiff Raymond Davis, Esquire is an attorney at law and is an adult and competent individual who at all times material hereto maintained a principal place of business at 23 Maple Street, Montrose, Susquehanna County, Pennsylvania.

4. Defendant County of Susquehanna, Pennsylvania is a municipal entity organized pursuant to the law of

the Commonwealth of Pennsylvania and which at all times material hereto maintained a principal place of business at 11 Maple Street, Montrose, Susquehanna County, Pennsylvania.  At all times material hereto all other defendants were the agents, servants and/or employees of Defendant County of Susquehanna, Pennsylvania.

5.  Defendant MaryAnn Warren is an adult and competent individual who at all times material hereto was a duly elected commissioner for Susquehanna County, Pennsylvania.  Defendant Warren maintained a principal place of business located at 11 Maple Street, Montrose, Susquehanna County, Pennsylvania.

6.  Defendant Leon Allen is an adult and competent individual who at all times material hereto was a duly elected commissioner for Susquehanna County, Pennsylvania.  Defendant Allen maintained a principal place of business located at 11 Maple Street, Montrose, Susquehanna County, Pennsylvania.

7.  Defendant Michael Giangrieco, Esquire is an adult and competent individual who at all times

material hereto was a duly elected commissioner for Susquehanna County, Pennsylvania.  Defendant Giangrieco maintained a principal place of business located at 11 Maple Street, Montrose, Susquehanna County, Pennsylvania.  At all times material hereto Defendant Michael Giangrieco, Esquire was an attorney at law admitted to practice in Pennsylvania.

8. Defendant Michael Gathany is an adult and competent individual who at all times material hereto maintained a principal place of business located at 38 Main Street, Hallstead, Susquehanna County, Pennsylvania.  At all times material hereto Defendant Michael Gathany, Esquire was an attorney at law admitted to practice in Pennsylvania and was the solicitor for the Susquehanna County Commissioners.

9. At all times material hereto all Defendants acted under color of state law.

## FACTUAL ALLEGATIONS

10. On or about July 24, 2008 the Defendants filed or caused to be filed a Petition for Injunctive Relief in the Court of Common Pleas of Susquehanna County,

4

Pennsylvania.  A true and correct copy of the aforementioned Petition is attached hereto and marked as Exhibit "A".

11.  The aforementioned Petition for Injunctive Relief contained numerous false allegations concerning conduct allegedly engaged in by Plaintiff Raymond Davis, Esquire.

12.  The aforementioned Petition for Injunctive Relief was filed by the Defendants for purposes of retaliation against Plaintiff and deprived Plaintiff of rights guaranteed to him by the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

13.  The aforementioned Petition falsely alleged that Plaintiff had a "hostile, angry and volatile confrontation with Plaintiff Commissioner MaryAnn Warren in the Susquehanna County Commissioners' Office."  (See Exhibit "A", at Paragraph 6.)

14.  The aforementioned Petition further falsely alleged that on or about July 24, 2008 Plaintiff Raymond Davis, Esquire "had a hostile, angry and

volatile confrontation with Elizabeth VanWinkle in the Susquehanna County Assessment Office."  (See Exhibit "A", at Paragraph 10.)

15.  Defendants, individually and collectively, were aware that the Petition attached hereto as Exhibit "A" was lacking in merit and wholly false as to Plaintiff Raymond Davis, Esquire.

16.  In addition, due to the awareness of the falsity of said Petition, Defendants caused said Petition to be presented in an ex parte manner and obtained injunctive relief in an ex parte manner despite Defendants' actual knowledge that the business office of Plaintiff Raymond Davis, Esquire was located in close proximity of the Susquehanna County Courthouse.

17.  Defendants made no effort whatsoever to advise Plaintiff Raymond Davis, Esquire that they intended to present the Petition for Injunctive Relief attached hereto as Exhibit "A" to the Court of Common Pleas in an effort to obtain injunctive relief.

18. The aforementioned presentation of the Petition for Injunctive Relief in an ex parte manner deprived Plaintiff Raymond Davis, Esquire of his fundamental constitutional rights of notice and opportunity to be heard.

19. The aforementioned actions of the Defendants were taken in retaliation against Plaintiff for actions Plaintiff had taken in his capacity as an attorney at law to remove and disqualify Defendant Michael Giangrieco, Esquire from the Susquehanna County Board of Assessment Appeals. Pursuant to an Order of the Susquehanna County Court of Common Pleas entered on or about July 16, 2008 Defendant Michael Giangrieco was disqualified as a board member of the Susquehanna County Board of Assessment Appeals. A true and correct copy of the aforementioned Order is attached hereto and marked as Exhibit "B".

20. All actions taken by Plaintiff Raymond Davis in disqualifying Defendant Michael Giangrieco, Esquire from the Susquehanna County Board of Assessment Appeals per the attached Order were legal, justified and a

valid exercise of Plaintiff Raymond Davis' duties and obligations as the attorney of record for his clients in the referenced action.

21. In addition, on or about June 14, 2004 Plaintiff Raymond Davis caused to be filed a Complaint in the Court of Common Pleas of Susquehanna County for legal malpractice against Defendant Michael Giangrieco, Esquire. The aforementioned case is indexed to No. 2004-504 in the Court of Common Pleas of Susquehanna County.

22. All actions taken by Plaintiff Raymond Davis in filing a complaint for legal malpractice against Defendant Michael Giangrieco, Esquire were legal, justified and a valid exercise of Plaintiff Raymond Davis' duties and obligations as the attorney of record for his clients in the referenced action.

23. The Defendants' filing of the Petition attached hereto and marked as Exhibit "A" was in direct retaliation for the aforesaid legal and valid actions taken by Plaintiff Raymond Davis, Esquire.

24. No factual or legal basis existed for the filing of the Petition attached hereto as Exhibit "A".

25. In response to the presentment of the Petition by and on behalf of the Defendants an Order was entered directing Plaintiff Raymond C. Davis not to enter the Susquehanna County Tax Assessment Office until such time as a full hearing could be conducted on Defendants' Petition for Injunctive Relief.  A true and correct copy of said Order is attached hereto and marked as Exhibit "C".

26. In violation of Pennsylvania law, no Complaint or Writ of Summons was ever filed by the Defendants to commence any action prior to the filing of the Petition for Injunctive Relief.

27. Furthermore, the Petition for Injunctive Relief, in violation of Pennsylvania law contained no verification of any petitioning party.

28. Plaintiff Raymond Davis, Esquire was forced to engage counsel and incur legal expense to begin preparation of his defense to the meritless Petition for Injunctive Relief.

29. Thereafter, Defendants acknowledged the wrongfulness of their conduct and discontinued the action commenced by the Petition for Injunctive Relief by filing a Discontinuance with the Court of Common Pleas of Susquehanna County on July 30, 2008.

30. A Certificate of Merit for all claims against Defendant Michael Gathany, Esquire arising out of actions taken and/or omissions by Defendant Michael Gathany, Esquire in his capacity as an attorney at law is attached hereto and incorporated herein by reference as Exhibit "D".

## COUNT I

**Raymond Davis, Esquire v. The County of Susquehanna, Pennsylvania, Maryann Warren, Leon Allen, Michael Giangrieco, Esquire and Michael Gathany, Esquire**

### 42 U.S.C. § 1983

31. Paragraphs 1 through 30 inclusive are incorporated herein by reference by reference as if fully set forth at length.

32. The conduct of the Defendants as previously set forth herein violated Plaintiff Raymond Davis' free speech rights pursuant to the First Amendment of the United States Constitution and his due process rights pursuant to the Fourteenth Amendment of the United States Constitution.

33. Defendants' conduct, collectively and individually, therefore was a deprivation under color of state law, of rights guaranteed to Plaintiff Raymond Davis, Esquire through the First and Fourteenth Amendments of the United States Constitution.

34. As a result of Defendants' violations of Plaintiff Raymond Davis, Esquire's constitutional rights, Plaintiff Raymond Davis has suffered substantial injuries and damage to his profession and his professional reputation as well as emotional upset and distress.

35. The aforementioned conduct of the Defendants, jointly and severally, was willful, wanton, malicious and done for the unlawful purpose of causing harm to

Plaintiff Raymond Davis, Esquire and warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Raymond Davis, Esquire respectfully requests this Honorable court to enter judgment against the Defendants, jointly and severally as follows:

- (a) in an amount to be determined at trial in compensatory damages as well as in an amount to be determined at trial in punitive damages plus interest;

- (b) for attorneys' fees pursuant to 42 U.S.C. §1988;

- (c) for the costs and disbursements incurred in this action; and

- (d) for such other and further relief as this Honorable Court deems just and proper.

**COUNT II**

**Raymond Davis, Esquire v. The County of Susquehanna, Pennsylvania, Maryann Warren, Leon Allen, Michael Giangrieco, Esquire and Michael Gathany, Esquire**

**Wrongful Use of Civil Proceedings**

36. Paragraphs 1 through 35 inclusive are incorporated herein by reference by reference as if fully set forth at length.

37. The actions of the Defendants as previously set forth herein while acting jointly and severally constituted a wrongful use of civil procedings in that the Defendants acted in a grossly negligent manner and/or without probable cause in initiating and continuing the aforesaid action against Plaintiff Raymond Davis.

38. The aforementioned action was terminated in favor of Plaintiff Raymond Davis when Defendants discontinued same of record on July 30, 2008.

39. Plaintiff hereby makes claim for all damages available to him pursuant to 42 Pa.C.S.A. §8353.

**WHEREFORE,** Plaintiff Raymond Davis respectfully requests this Honorable Court to enter judgment against the Defendants, jointly and severally, as follows:

    (a) in an amount to be determined at trial in compensatory damages as well as an amount to be determined at trial in punitive damages plus interest;

    (b)   for attorneys' fees pursuant to 42 Pa.C.S.A. §8353;

    (c)   for the costs and disbursements incurred in this action; and

    (d)   for such other and further relief as this Honorable Court deems just and proper.

## COUNT III

**Raymond Davis, Esquire v. The County of Susquehanna, Pennsylvania, Maryann Warren, Leon Allen, Michael Giangrieco, Esquire and Michael Gathany, Esquire**

### Abuse of Process

40. Paragraphs 1 through 39 inclusive are incorporated herein by reference by reference as if fully set forth at length.

41. The actions of the Defendants, jointly and severally, as previously set forth herein constituted abuse of legal process against Plaintiff Raymond Davis designed primarily to accomplish a result for which said process was not designed and was intended only to harass, annoy, alarm and harm Plaintiff Raymond Davis.

42. As a direct and proximate result of the Defendants' abuse of process as previously set forth

herein, Plaintiff Raymond Davis suffered all of the damages previously alleged.

**WHEREFORE,** Plaintiff Raymond Davis respectfully requests this Honorable Court to enter judgment against the Defendants, jointly and severally, as follows:

(a) in an amount to be determined at trial in compensatory damages as well as in an amount to be determined at trial in punitive damages plus interest;

(b) for attorneys' fees incurred;

(c) for the costs and disbursements incurred in this action; and

(d) for such other and further relief as this Honorable Court deems just and proper.

### COUNT IV

**Raymond Davis, Esquire v. The County of Susquehanna, Pennsylvania, Maryann Warren, Leon Allen, Michael Giangrieco, Esquire and Michael Gathany, Esquire**

### Civil Conspiracy

43. Paragraphs 1 through 42 inclusive are incorporated herein by reference by reference as if fully set forth at length.

44. All Defendants named herein entered into an agreement and combined among themselves to engage in the unlawful conduct set forth herein thereby depriving Plaintiff Raymond Davis of rights guaranteed to him by the laws of the United States and the laws of the Commonwealth of Pennsylvania.

**WHEREFORE,** Plaintiff Raymond Davis respectfully requests this Honorable Court to enter judgment against the Defendants, jointly and severally, as follows:

    (a) in an amount to be determined at trial in compensatory damages as well as an amount to be determined at trial in punitive damages plus interest;

    (b) for attorneys' fees incurred;

    (c) for the costs and disbursements incurred in this action; and

    (d) for such other and further relief as this Honorable Court deems just and proper.

ROTH & DEMPSEY, P.C.

/s/ Kevin J. Dempsey
KEVIN J. DEMPSEY, ESQUIRE


/s/ Michael H. Roth
MICHAEL H. ROTH, ESQUIRE
Attorneys for Plaintiff

436 Jefferson Avenue
Scranton, PA 18510
(570) 961-1064