| | |
|---|---|
| SUSQUEHANNA COUNTY COMMISSIONERS and SUSQUEHANNA COUNTY ASSESSMENT OFFICE,<br>　　　　　　　Plaintiffs, | : IN THE COURT OF COMMON PLEAS<br>:<br>: SUSQUEHANNA COUNTY, PENNA.<br>:<br>: CIVIL ACTION - EQUITY |
| vs. | : |
| RAYMOND C. DAVIS,<br>　　　　　　　Defendant | :<br>: NO. 2008-1100 C.P. |

*********************************************************************

## PETITION FOR INJUNCTIVE RELIEF

Plaintiffs, Susquehanna County Commissioners and Susquehanna County Assessment Office (hereinafter "Plaintiffs") by and through their counsel, Michael Gathany, Esquire, hereby requests that a Preliminary Injunction be entered against Defendant, Raymond C. Davis (hereinafter "Defendant"), and states as follows:

1. Plaintiffs are the Susquehanna County Commissioners and the Susquehanna County Assessment Office whose principal place of business is the Susquehanna County Courthouse, Montrose, Pennsylvania.

2. Defendant is Raymond C. Davis, Esquire, former Susquehanna County Solicitor whose principal place of business is 23 Maple Street, Montrose, Pennsylvania.

3. The Defendant is terminated as Susquehanna County Solicitor by Plaintiff Commissioners.

4. Defendant is retained to file a suit against the Susquehanna County Board of Assessment Appeals, on which Plaintiff Commissioners serve.

5. The said suit is still pending before this Court.

EXHIBIT "A"

6. On or about July 10, 2008, Defendant had a hostile, angry and volatile confrontation with Plaintiff Commissioner MaryAnn Warren in the Susquehanna County Commissioners' Office.

7. The confrontation caused Plaintiff MaryAnn Warren to feel threatened by Defendant's behavior.

8. As a result of Defendant's behavior, Plaintiff MaryAnn Warren feared Defendant would physically harm her.

9. Said confrontation caused Sylvia Beamer to physically step between Defendant and Plaintiff MaryAnn Warren in an effort to restrain Defendant from harming Plaintiff MaryAnn Warren.

10. On or about July 24, 2008, Defendant had a hostile, angry and volatile confrontation with Elizabeth Van Winkle in the Susquehanna County Assessment Office.

11. The confrontation caused Plaintiff Elizabeth Van Winkle to feel threatened by Defendant's behavior.

12. As a result of Defendant's behavior, Plaintiff Elizabeth Van Winkle feared Defendant would physically harm her.

13. Plaintiffs believe that Defendant's enraged and threatening behavior is the result of being incapable to cope with being terminated as County Solicitor. Defendant's threatening behavior has only occurred in the absence of other men.

14. Defendant's conduct is disruptive to the operation of county affairs and is in violation of Pennsylvania Rules of Professional Conduct Rules 3.4, 4.2, and 4.4.

15. Plaintiffs seek a injunctive relief to enjoin Defendant from being present in the Susquehanna County Commissioners' Office as well as the Susquehanna County Assessment Office and to have no contact with any employees at either office.

16. The requested injunctive relief is necessary to prevent immediate and irreparable harm as follows:

    a. Plaintiffs' safety, health and welfare are compromised by Defendant's hostile, angry and volatile behavior.

17. Plaintiffs' prayer for injunctive relief in the form of a preliminary injunction is the exclusive remedy available to Plaintiff in that damages are unattainable in said circumstance.

18. Clearly the harm that will result if this Court fails to grant Plaintiffs' request for injunctive relief will be far greater to Plaintiffs than any harm that can result to the Defendant, in that Plaintiffs are fearful of working in their places of employment due to the hostile, angry and volatile behavior Defendant has exhibited during his visits to Plaintiffs' offices.

19. Injunctive relief will restore Plaintiffs and Defendant to their original status, in that Plaintiffs will be able to resume working in their places of employment without fearing for their physical well-being.

20. In addition, injunctive relief will restore Defendant to its original status in that Defendant should be restrained from any contact with Plaintiffs during the pending litigation involving Plaintiffs and Defendant's clients.

21. Plaintiff's averments in its Complaint are actionable based upon the numerous legal claims outlined in said Complaint.

22. Plaintiff's right to relief of Defendant's actions is clear.

23. Plaintiff's Complaint outlines various legal claims, which based upon the facts of this case, demonstrate that success on the merits is likely.

24. Plaintiff's request for an injunction is reasonably suited to accomplish Plaintiffs' objectives of resuming to work in their places of employment without fearing for their physical well-being by eliminating the hostile, angry and volatile behavior Defendant exhibits upon visiting Plaintiffs' offices, and which, if not rectified will endanger the health, welfare, and safety of Plaintiffs.

25. Plaintiffs' request for an injunction is reasonably suited to abate Defendant's conduct which began on or around July  , 2008 and continues to this day.

26. The requested injunction does not adversely affect the public interest.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant their Petition for a Preliminary Injunction against Defendant, Raymond C. Davis, Esquire, as follows:

    a. Order Defendant to stay out of the Susquehanna County Commissioners' Office as well as the Susquehanna County Assessment Office;

    b. Order Defendant to have no contact with any employees at either the Susquehanna County Commissioner's Office as well as the Susquehanna County Assessment Office; and,

    c. Order any additional relief that the Court deems necessary and appropriate.

Respectfully submitted,

*[signature]*

Michael Gathany, Esquire
Attorney for Plaintiffs

## VERIFICATION

I, Michael Gaffhan, upon information and belief hereby verify that the statements made in this <u>Complaint</u> are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A., Section 4904, relating to unsworn falsification to authorities.

Dated: 7/24/08