## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RAYMOND DAVIS, ESQUIRE,**
**Plaintiff**

    **v.**

**THE COUNTY OF SUSQUEHANNA;**
**MARYANN WARREN; LEON ALLEN;**
**MICHAEL GIANGRIECO, ESQUIRE;**
**and MICHAEL GATHANY, ESQUIRE,**
**Defendants**

    :    **No. 3:09cv1285**
    :
    :    **(Judge Munley)**
    :
    :
    :
    :
    :
    :

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss the plaintiff's civil rights complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Raymond Davis, Esquire is an attorney with a principal place of business in Montrose, Susquehanna County, Pennsylvania. (Doc. 1, Complaint at ¶ 3). The defendants are: MaryAnn Warren, Leon Allen and Michael Giangrieco, who were, at the times relevant to the complaint, Susquehanna County Commissioners; Michael Gathany, Esquire, Solicitor for the Commissioners; and Susquehanna County, (hereinafter collectively "defendants"). (Id. at ¶¶ 4-8). Defendants filed a Petition for Injunctive Relief (hereinafter "petition") in the Court of Common Pleas of Susquehanna County on July 24, 2008. (Id. at ¶ 10). Plaintiff alleges that the petition "contained numerous false allegations concerning conduct allegedly engaged in by" plaintiff. (Id. at ¶ 11). False allegations include that plaintiff had a "hostile, angry and volatile" confrontation with Defendant MaryAnn Warren in the Susquehanna County Commissioner's Office. (Id. at ¶ 13). The petition further alleged that plaintiff engaged in another such confrontation with Elizabeth VanWinkle in the Susquehanna County

Assessment Office. (Id. at ¶ 14). Plaintiff asserts that the defendants knew that the petition was false as to the allegations made against him. (Id. at ¶ 15).

According to the plaintiff, the defendants presented the petition to the Susquehanna County Court of Common Please *ex parte* because they knew the petition was false. Additionally, it was presented *ex parte* despite the fact that the defendants knew that plaintiff's office was located near the Susquehanna County Courthouse. (Id. at ¶ 16). Defendants did nothing to inform plaintiff that they planned on filing the petition for injunctive relief. (Id. at ¶ 17). The court granted injunctive relief to the extent that it "requested" that plaintiff refrain from entering the County Commissioners' Office or the Tax Assessment Office until a hearing could be held. (Doc. 1-4, Complaint, Ex. C, Order of Court dated July 255, 2008).

Plaintiff argues that the defendants presented the petition in retaliation for actions he took to disqualify Defendant Michael Giangrieco as a member of the Susquehanna County Board of Assessment Appeals and for filing a legal malpractice complaint against Defendant Giangrieco in 2004. (Id. at ¶¶ 19, 21, 23).

Plaintiff engaged legal counsel and began preparation for his defense to the petition. (Id. at ¶ 28). Defendants, however, acknowledged the wrongfulness of their conduct and discontinued the action for injunctive relief on July 30, 2008, approximately six (6) days from when they filed the petition. (Id. at ¶ 29).

Based upon these facts, plaintiff instituted the instant four count complaint, which asserts the following causes of action: Count I, a claim under 42 U.S.C. § 1983 for violation of plaintiff's First Amendment and

2

Fourteenth Amendment rights of the United States Constitution; Count II, a Pennsylvania state tort claim for wrongful use of civil proceedings; Count III, a claim for abuse of process; and Count IV, a claim for civil conspiracy. (Id. at ¶¶ 31- 44). In response to the complaint, defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which brings the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to section 1983 for civil rights violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of Review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next

stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

4

Defendants seek dismissal of Count I of plaintiff's cause of action, which is asserted under section 1983. Once this claim is dismissed defendants assert dismissal of the remainder of the claims is justified as they are all pendent state law claims that depend on Count I for jurisdiction.

To establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under of color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). Section 1983 does not, by its own terms, create substantive rights. Rather, it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws. United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996).

Defendants seek dismissal of plaintiff's section 1983 claim arguing that he has failed properly to allege a First Amendment and Fourteenth Amendment violation. We will address each separately.

## I. First Amendment

First the defendants challenge the legal sufficiency of the plaintiff's First Amendment retaliation claim. The law provides as follows:
"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).

Plaintiff alleges that he engaged in action protected by the First Amendment, that is filing a legal malpractice action against Defendant Giangrieco and taking action to disqualify him from membership on the Susquehanna County Board of Assessment Appeals. Defendants then filed an injunctive complaint against him in retaliation.

Defendants apparently do not challenge the first element, that is whether the defendant engaged in constitutionally protected conduct.[1] Defendants do challenge, however, whether plaintiff has alleged retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights.

Defendants argue that misuse or abuse of the legal system cannot amount to "retaliatory action." In support of their position, defendants cite to a case by the District Court for the Northern District of Texas, Hinds v. Dallas Ind. Sch. Dist., 188 F. Supp. 2d 664, 672 (N.D. Tex. 2002) In Hinds, the plaintiff, an attorney, had previously sued a school district on behalf of his client. He alleged that the school district then retaliated, and conspired to retaliate, against him by filing a baseless and frivolous RICO (Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.) action against him alleging mail fraud, wire fraud, and civil conspiracy. Id. at 672. The lawsuit in Hinds, then is a quasi-criminal RICO action. The court held that it should be examined in light of malicious prosecution law. The case that Hinds relied upon Johnson v. Louisiana Dept. of Agriculture, 18 F.3d 318, 320-21 (5th Cir. 1994) also dealt with

---

[1]See Neuberger v. Gordon, 567 F. Supp. 2d 622, 634-35 (D. Del. 2008) (explaining that an attorney's action in pursuing a lawsuit is activity protected by the First Amendment).

officials targeting the plaintiff for prosecution based upon the exercise of his free speech rights.  Johnson also examined the facts to determine whether the allegedly retaliatory charges amounted to malicious prosecution.  Id.   Under the facts of these cases, the courts found that the filing of a lawsuit could not serve as retaliatory conduct. The instant case is distinguishable in that the defendants did not bring criminal or quasi-criminal charges against the plaintiff.  They sought an injunction to enjoin him from entering the Tax Assessment Office.  Thus, the reasoning of Hines and Johnson is not applicable.

As set forth above, the standard for determining if action can be deemed "retaliatory" in the Third Circuit is whether it would deter a person of ordinary firmness from exercising his constitutional rights.  We find that fear of being sued is sufficient to deter a person of ordinary firmness from exercising his right to free speech under the facts alleged in the instant case .  Accordingly, the defendants' motion to dismiss the plaintiff's First Amendment claim will be denied.

## II.  Fourteenth Amendment

Next, the defendants challenge the plaintiff's Fourteenth Amendment claim.  They assert that the plaintiff has failed to identify any right protected by the Fourteenth Amendment that was violated by the defendants.

The Fourteenth Amendment prohibits the deprivation of life, liberty or property without "due process" of law.  Generally, for a Fourteenth Amendment due process violation to be pled properly, the plaintiff must allege a deprivation of some liberty or property interest by the government. Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).

Plaintiff argues that he has alleged substantial injuries and damage

to his professional reputation as well as emotional distress because of defendants' actions in retaliating against him for exercising his First Amendment rights.   Such a claim gives rise to a Fourteenth Amendment claim.  After a careful review, we agree.

The Third Circuit Court of Appeals has explained that damage to a plaintiff's reputation alone does not give rise to a Fourteenth Amendment claim.  When, however, that damage to reputation is caused by the violation of one of plaintiff's constitutional rights, then a Fourteenth Amendment claim can be asserted.   The Third Circuit Court of Appeals has held that a plaintiff "may show that her Fourteenth Amendment rights were violated if the harm to her reputation occurred while she was being deprived of another constitutional right." Merkel v. Upper Darby Dublin Sch. Dist., 211 F.3d 782, 797 (3d Cir. 2000).  Here, plaintiff claims that his reputation was harmed while he was being deprived of his First Amendment rights by the defendants.  Thus, it is inappropriate to dismiss this claim.

Defendants' final argument is that this court lacks jurisdiction over plaintiff's state law claims because plaintiff has no viable federal claims. This argument is without merit as we have found that plaintiff's federal claims should not be dismissed.

For the above-mentioned reasons, the defendants' motion to dismiss plaintiff's complaint will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND DAVIS, ESQUIRE,**<br>                   **Plaintiff** | : | **No. 3:09cv1285** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **THE COUNTY OF SUSQUEHANNA;**<br>**MARYANN WARREN; LEON ALLEN;**<br>**MICHAEL GIANGRIECO, ESQUIRE;**<br>**and MICHAEL GATHANY, ESQUIRE,**<br>                   **Defendants** | : | |

## ORDER

___ **AND NOW**, to wit, this 15th day of March 2010, the defendants'
motion to dismiss plaintiff's complaint (Doc. 8) is hereby **DENIED**.


**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**