UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND DAVIS, ESQUIRE, | : | |
| | : | |
| Plaintiff | : | JUDGE MUNLEY |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| THE COUNTY OF SUSQUEHANNA, | : | |
| MARYANN WARREN, LEON ALLEN, | : | |
| MICHAEL GIANGRIECO, ESQUIRE, | : | |
| MICHAEL GATHANY, ESQUIRE, | : | |
| | : | |
| Defendants | : | NO.  3:09-CV-1285 |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants', the County of Susquehanna; Maryann Warren; Leon Allen; Michael Giangrieco, Esquire; Michael Gathany, Esquire, through their attorneys, Kreder Brooks Hailstone LLP, make the following Answer to Plaintiff's Complaint:

FIRST DEFENSE

1-3.    The averments of paragraphs 1, 2 and 3 are admitted.

4.      The averments of paragraph 4 is denied as stated. Susquehanna County is a County operating in accordance with the County Code of Pennsylvania. Defendants, Warren, Allen and Giangreco are duly elected Commissioners of the

County of Susquehanna. Defendant Gathany is the Solicitor of the County of Susquehanna.

    5-7.    The averments of paragraphs 5, 6 and 7 are admitted.

    8.    The averment of paragraph 8 is admitted to the extent that it avers that Attorney Gathany is an attorney practicing in Susquehanna County who was licensed to practice law at all times material hereto. Attorney Gathany is the Solicitor of Susquehanna County.

    9.    The averment of paragraph 9 is a conclusion of law to which no response is required.

    10.    The averment of paragraph 10 is admitted.

    11-16.    The averments of paragraphs 11 through 16 are denied.

    17.    It is admitted that Defendants made no effort to advise the Plaintiff of their intentions. It is denied that they had any legal obligation to do so.

    18.    The averment of paragraph 18 is denied.

    19.    It is denied that any action on the part of Defendants was taken in retaliation against Plaintiff as a result of any action taken by the Plaintiff against any

County of Susquehanna. Defendant Gathany is the Solicitor of the County of Susquehanna.

    5-7.    The averments of paragraphs 5, 6 and 7 are admitted.

    8.    The averment of paragraph 8 is admitted to the extent that it avers that Attorney Gathany is an attorney practicing in Susquehanna County who was licensed to practice law at all times material hereto. Attorney Gathany is the Solicitor of Susquehanna County.

    9.    The averment of paragraph 9 is a conclusion of law to which no response is required.

    10.    The averment of paragraph 10 is admitted.

    11-16.    The averments of paragraphs 11 through 16 are denied.

    17.    It is admitted that Defendants made no effort to advise the Plaintiff of their intentions. It is denied that they had any legal obligation to do so.

    18.    The averment of paragraph 18 is denied.

    19.    It is denied that any action on the part of Defendants was taken in retaliation against Plaintiff as a result of any action taken by the Plaintiff against any

Defendant, including Plaintiff's efforts to have Defendant, Giangrieco disqualified as a member of the Susquehanna County Board of Assessment Appeals.

20. The averment of paragraph 20 is a conclusion of law to which no response is required.

21. It is admitted that the lawsuit against Defendant, Giangrieco filed to No. 2004-504 in the Court of Common Pleas of Susquehanna County was filed.

22. The averments of paragraph 22 are conclusions of law to which no response is required.

23. It is denied that any action on the part of the Defendants were taken in retaliation against Plaintiff for the filing of the lawsuit referred to in paragraph 21.

24. The averment of paragraph 24 is denied.

25. With regard to the averment of paragraph 25, it is admitted that the Order attached to Exhibit "C" was entered. The language of the Order speaks for itself.

26. The averments of paragraph 26 is a conclusion of law to which no response is required.

27. Insofar as paragraph 27 avers a violation of law, the averment is a conclusion of law to which no response is required.

28. Defendants are without knowledge or information to form a belief as to the averment of paragraph 28.

29. The averment of paragraph 29 is denied.

30. It is admitted that Plaintiff's counsel has attached a Certificate of Merit as Exhibit "D".

## COUNT I

### 42 U.S.C. §1983

31. The averments of paragraphs 1 through 30 in Defendants' Answer are incorporated herein as if the same were more fully set forth at length.

31-35. The averments of paragraphs are denied.

WHEREFORE, it is respectfully requested that Plaintiff's Complaint be dismissed.

## COUNT II

### WRONGFUL USE OF CIVIL PROCEEDINGS

36. The averments of paragraphs 1 through 35 in Defendants' Answer are incorporated herein as if the same were more fully set forth at length.

37-39. The averments of paragraphs 37 through 39 are denied.

WHEREFORE, it is respectfully requested that Plaintiff's Complaint be dismissed.

## COUNT III

## ABUSE OF PROCESS

40. The averments of paragraphs 1 through 39 in Defendants' Answer are incorporated herein as if the same were more fully set forth at length.

41-42. The averments of paragraphs 41 and 42 are denied.

WHEREFORE, it is respectfully requested that Plaintiff's Complaint be dismissed.

## COUNT IV

## CIVIL CONSPIRACY

43. The averments of paragraphs 1 through 42 in Defendants' Answer are incorporated herein as if the same were more fully set forth at length.

44. The averments of paragraph 44 are denied.

WHEREFORE, it is respectfully requested that Plaintiff's Complaint be dismissed.

## SECOND DEFENSE- AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint does not set forth a cause of action upon which relief can be granted.

46. Plaintiff's Complaint is barred by the Doctrine of Qualified Immunity.

47. Plaintiff's actions in filing a Petition for Injunctive Relief seeking relief from Court against Defendants, did not deprive Plaintiff of any constitutional right and is not a proper basis for a lawsuit for the deprivation of constitutional rights under 42 U.S.C. §1983.

48. To the extent that the filing and prosecution of a lawsuit could be the basis of a violation of Plaintiff's constitutional rights, the Defendants voluntarily discontinued the lawsuit within days after it was filed, mitigating or eliminating entirely, any deprivation of rights.

                                        KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503                  BY: /s/Michael J. Donohue
(570) 346-7922                               Michael J. Donohue
                                                    Attorney for Defendants

CERTIFICATE OF SERVICE

**AND NOW**, this **19th**  day of **April, 2010**, Michael J. Donohue, a member of the firm of Kreder Brooks Hailstone LLP, electronically filed the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system which sent notification of such filing to the following Filing Users at the following e-mail addresses:

KEVIN J. DEMPSEY, ESQUIRE
reedhr@comcast.net

MICHAEL H. ROTH, ESQUIRE
reedhr@comcast.net; kma18411@comcast.net

 /s/Michael J. Donohue
Michael J. Donohue
Attorney I..D. #25906
Attorneys for Defendants